**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF TEXAS

Case number *(if known)* _____    Chapter ____11____

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy          06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | TreeSap Farms, LLC | |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | DBA Everde Growers<br>DBA TreeTown USA<br>DBA Hines Nurseries<br>DBA Village Nurseries |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 47-2815183 |

| | | |
|---|---|---|
| 4. | **Debtor's address** | **Principal place of business**<br><br>5151 Mitchelldale St.<br>Suite B-2<br><br>Houston, TX 77092<br>Number, Street, City, State & ZIP Code<br><br>Harris<br>County | **Mailing address, if different from principal place of business**<br><br><br><br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://www.everde.com |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor    TreeSap Farms, LLC             Case number (*if known*) _____
         Name

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

     1114

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.
☐ Yes.

| | District | | When | | Case number |
|---|---|---|---|---|---|
| | _____ | | _____ | | _____ |
| | _____ | | _____ | | _____ |

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

List all cases. If more than 1, attach a separate list

| | | | | Relationship | Affiliate |
|---|---|---|---|---|---|
| Debtor | See Attachment | | | | |
| District | Southern District of Texas | When | | Case number, if known | |

---

| Debtor | TreeSap Farms, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in this district?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | TreeSap Farms, LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    02/24/2025
           MM / DD / YYYY

**X**   /s/ Bret Jacobs                           Bret Jacobs
    Signature of authorized representative of debtor           Printed name

Title    Chief Restructuring Officer

**18. Signature of attorney**

**X**   /s/ John J. Sparacino             Date   02/24/2025
    Signature of attorney for debtor                     MM / DD / YYYY

John J Sparacino
Printed name

McKool Smith P.C.
Firm name

600 Travis Street, Suite 7000
Houston, TX 77002
Number, Street, City, State & ZIP Code

Contact phone   (713) 485-7300     Email address   jsparacino@mckoolsmith.com

TX 18873700
Bar number and State

**ATTACHMENT TO VOLUNTARY PETITION**

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case (collectively, the "Debtors"), has filed or will file a petition for relief in the United States Bankruptcy Court for the Southern District of Texas Houston Division under chapter 11 of title 11 of the United States Code. The Debtors have, substantially contemporaneously herewith, moved for joint administration of these cases for procedural purposes only under the case number assigned to the chapter 11 case of Debtor TreeSap Farms, LLC.

| Debtor Name | EIN |
|---|---|
| TreeSap Farms, LLC | 47-2815183 |
| TSH Opco, LLC | 83-1414697 |
| TSV Opco, LLC | 36-4875418 |
| TSV Reco, LLC | 38-4044953 |
| TreeSap Florida, LLC | 36-4875331 |

*Execution Version*

## ACTION TAKEN BY UNANIMOUS WRITTEN CONSENT OF
## THE MEMBERS AND MANAGERS OF EACH OF TREESAP FARMS, LLC, TSH
## OPCO, LLC, TSV OPCO, LLC, TSV RECO, LLC, AND TREESAP FLORIDA, LLC

## February 24, 2025

The undersigned, being comprised of (a) all of the Members (the "**TreeSap Members**") of TreeSap Farms, LLC, a Texas limited liability company ("**TreeSap**"), (b) the sole Member and sole Manager (the "**TSH Member and Manager**") of TSH Opco, LLC, a California limited liability company ("**TSH Opco**"), (c) the sole Member and sole Manager (the "**TSV Opco Member and Manager**") of TSV Opco, LLC, a California limited liability company ("**TSV Opco**"), (d) the sole Member and sole Manager (the "**TSV Reco Member and Manager**") of TSV Reco, LLC, a California limited liability company ("**TSV Reco**"), and (e) the sole Member and sole Manager (the "**TreeSap FL Member and Manager**" and, together with the TreeSap Members, the TSH Member and Manager, the TSV Opco Member and Manager, the TSV Reco Member and Manager, the "**Governing Bodies**") of TreeSap Florida, LLC, a Texas limited liability company ("**TreeSap FL**" and, together with TreeSap, TSH Opco, TSV Opco, and TSV Reco, each a "**TreeSap Entity**" and collectively the "**TreeSap Entities**"), in each case, acting pursuant to applicable law and its respective organizational documents, does hereby consent to and adopt the below resolutions, by written consent (the "**Unanimous Written Consent**"), with full force and effect as of the first date written above.

This Unanimous Written Consent may be executed in one or more counterparts, including via facsimile, portable document format (pdf) or other electronic transmission, each of which shall be deemed an original for all purposes and all of which together shall constitute one and the same written consent.

## I.    Chapter 11 Cases

**WHEREAS**, the Governing Bodies have reviewed and considered, among other things, the financial and operational condition of the TreeSap Entities and the TreeSap Entities' business on the date hereof, the assets of the TreeSap Entities, the current and long-term liabilities of the TreeSap Entities, the liquidity situation of the TreeSap Entities, the strategic alternatives available to it, the effect of the foregoing on the TreeSap Entities' business, and the advice of the TreeSap Entities' outside financial and legal advisors regarding the above.

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Governing Bodies, having reviewed and considered, among other things, the financial and operational condition of the TreeSap Entities and the TreeSap Entities' business on the date hereof, the assets of the TreeSap Entities, the current and long-term liabilities of the TreeSap Entities, the liquidity situation of the TreeSap Entities, the strategic alternatives available to the TreeSap Entities, the effect of the foregoing on the TreeSap Entities' business, and the advice of the TreeSap Entities' outside financial and legal advisors, it is desirable and in the best interests of the TreeSap Entities, their respective creditors, and other interested parties generally that each of the TreeSap Entities file a petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") on behalf of each of the TreeSap Entities (each, a "**Chapter 11 Case**" and

collectively, the "**Chapter 11 Cases**") and pursue related restructuring transactions in connection with the Chapter 11 Cases, including the transactions set forth herein; and it is further

**RESOLVED**, that Bret Jacobs, a Senior Principal of The Keystone Group ("**Keystone**"), be, and hereby is, appointed as an officer of each of the TreeSap Entities with the designated title of Chief Restructuring Officer (the "**Designated Officer**") in connection with the Chapter 11 Cases, as further set forth herein; and it is further

**RESOLVED**, that each of the TreeSap Entities is hereby authorized, and the Designated Officer shall be, and hereby is, authorized, empowered and directed on behalf of each of the TreeSap Entities, to commence the Chapter 11 Cases by executing, verifying and delivering a voluntary petition in the name of each of the TreeSap Entities pursuant to the Bankruptcy Code and causing the same to be filed with the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Bankruptcy Court**") in such form and at such time as the Designated Officer executing said voluntary petitions shall determine; and it is further

**RESOLVED**, that each of the TreeSap Entities is hereby authorized, and the Designated Officer shall be, and hereby is, authorized, empowered, and directed on behalf of each of the TreeSap Entities, to seek to have the Chapter 11 Cases jointly administered by the Bankruptcy Court with one another; and it is further

**RESOLVED**, that each of the TreeSap Entities is hereby authorized, and the Designated Officer shall be, and hereby is, authorized, empowered and directed, with full power of delegation, on behalf of each TreeSap Entity, to (i) execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), (ii) amend, supplement or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, applications, a chapter 11 plan and the documents related thereto, a disclosure statement, pleadings and other documents in connection with the Chapter 11 Cases, and (iii) take any and all actions the Designated Officer deems necessary or appropriate to obtain such chapter 11 bankruptcy relief and to prosecute and effectuate each of the Chapter 11 Cases, as discussed further below.

## II.   <u>Designation of Authority to Independent Director</u>

**RESOLVED,** that, notwithstanding the governance structure set forth in the TreeSap Company Agreement, dated as of January 26, 2015, the Governing Bodies hereby appoint John T. Young, Jr. of Neinda Advisors, LLC to serve as Independent Director for each of the TreeSap entities (the "<u>**Independent Director**</u>") and grant and delegate full authority and power regarding approval of all restructuring and sale decisions to be made on behalf of the TreeSap Entities in connection with the Chapter 11 Cases to the Independent Director.  Such authority and power delegated to the Independent Director on behalf of the TreeSap Entities includes, but is not limited to, the authority and power to (i) negotiate and/or enter into any restructuring transactions, including, without limitation, plans of reorganization or liquidation, (ii) pursue, negotiate and execute agreement(s) for the sale of all or substantially all of the TreeSap Entities' property in connection with the Chapter 11 Cases, including by negotiating and entering into agreements with potential stalking horse bidders for the sale of all or substantially all of the TreeSap Entities' property in connection with the Chapter 11 Cases, (iii) approve the form, terms, and provisions of

bidding procedures prepared in connection with such sale of all or substantially all of the TreeSap Entities' property (the "**Bidding Procedures**"), each as may be subject to Bankruptcy Court approval; and (iv) to select the ultimate purchaser, including, without limitation the "successful bidder" under the Bidding Procedures, for the sale of all or substantially all of the TreeSap Entities' property; and it is further

RESOLVED, that, each of the TreeSap Entities is hereby authorized, and the Independent Director shall be, and hereby is, authorized, with full power of delegation, on behalf of each TreeSap Entity, to take or cause to be taken any and all such further action as in the judgment of the Independent Director shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions in connection with the Chapter 11 Cases; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by the Independent Director, Designated Officer or any of the Professionals (defined below), including the Additional Professionals (defined below), in connection with the Chapter 11 Cases or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, and confirmed and approved in all respects as the acts and deeds of the applicable TreeSap Entity; and it is further

RESOLVED, that any and all actions, whether previously or subsequently taken by the Independent Director or Designated Officer or any other person authorized to act by the Independent Director or Designated Officer, that are consistent with the intent and purpose of the foregoing resolutions or in connection with any matters referred to herein, shall be, and the same hereby are, in all respects, adopted, ratified, approved and confirmed in all respects as acts and deeds of the applicable TreeSap Entity.

## III.   Cah Collateral Utilization

WHEREAS, the Governing Bodies have determined that the TreeSap Entities will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "**Cash Collateral**"), which provides security for the TreeSap Entities' prepetition secured creditors (collectively, the "**Secured Creditors**") under the TreeSap Entities' prepetition credit facilities.

NOW, THEREFORE, BE IT RESOLVED, that, in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each TreeSap Entity will negotiate the terms of, and ultimately provide, certain adequate protections to the Secured Creditors (the "**Adequate Protection Transactions**") as documented in proposed interim and/or final Cash Collateral orders (the "**Cash Collateral Orders**") in such form as the Designated Officer shall approve to be submitted for approval to the Bankruptcy Court; and it is further

RESOLVED, that in connection with the Chapter 11 Cases, the Designated Officer shall be, and hereby is, authorized, directed, and empowered on behalf of the applicable TreeSap Entities to (i) seek approval from the Bankruptcy Court of the use of Cash Collateral and approval of the Adequate Protection Transactions, and (ii) negotiate, execute, and deliver any and all agreements or related documents regarding the Adequate Protection Transactions and use of Cash Collateral in connection with the Chapter 11 Cases.

3

DMS 309892747

## IV.    Debtor-In-Possession Financing

**WHEREAS**, the Governing Bodies have determined, based on the advice of the financial and legal advisors of the TreeSap Entities, that the TreeSap Entities will obtain benefits from the procurement of postpetition financing and it is in the best interest of the TreeSap Entities to enter into the debtor-in-possession credit agreement (the "**DIP Credit Agreement**") that shall provide for a senior secured super-priority facility that would permit the TreeSap Entities to fund, among other things (i) general working capital and operating costs and expenses of the TreeSap Entities (including, without limitation, the costs of administering the Chapter 11 Cases), (ii) fees of professional advisors to the TreeSap Entities, including the Professionals (defined below) and the Additional Professionals (defined below), and (iii) all fees charged by the agent and the lenders in connection with the DIP Credit Documents (as defined below), subject to all the conditions set forth in the DIP Credit Agreement, and subject to approval by the Bankruptcy Court.

**WHEREAS**, the Governing Bodies, based on the advice of the financial and legal advisors of the TreeSap Entities, have determined and deem it advisable and in the best interests of the TreeSap Entities and their creditors, employees, and other interested parties (as applicable) for the TreeSap Entities to enter into the DIP Credit Agreement and certain other requisite agreements and/or documents related to DIP Credit Agreement (together with the DIP Credit Agreement, the "**DIP Credit Documents**"), and to consummate the transactions contemplated in the DIP Credit Documents, subject to any requisite Bankruptcy Court approval.

**NOW, THEREFORE, BE IT RESOLVED**, that, based on the advice of the professionals and advisors of the TreeSap Entities, the Governing Bodies have reviewed the proposed terms and conditions of the term sheet for the proposed DIP Credit Agreement and deem it advisable and in the best interests of the TreeSap entities and their creditors, employees, and other interested parties (as applicable) to authorize and approve the TreeSap Entities' negotiation, execution, and delivery of the DIP Credit Agreement, and the performance of the TreeSap Entities' obligations under the DIP Credit Documents, subject to any requisite Bankruptcy Court approval; and it is further

**RESOLVED**, that, in furtherance of the foregoing resolution, the Designated Officer shall be, and hereby is, authorized, empowered and directed, for and on behalf of the TreeSap Entities, to conduct and conclude negotiations with the agent and the lenders under the DIP Credit Agreement and to cause the TreeSap Entities to enter into, and to amend, supplement or otherwise modify from time to time, the DIP Credit Documents, and to effect and consummate the transactions contemplated by the DIP Credit Documents and to take other actions as may be necessary or appropriate in connection therewith, subject to any requisite Bankruptcy Court approval.

## V.    Retention of Professionals

**NOW, THEREFORE, BE IT RESOLVED**, that each of the TreeSap Entities is hereby authorized, and the Designated Officer shall be, and hereby is, authorized, directed, and empowered, on behalf of each TreeSap Entity, to (i) employ and retain the law firm of Hunton Andrews Kurth LLP ("**Hunton**"), as co-restructuring, corporate, and financing counsel, to represent and advise the TreeSap Entities in carrying out their respective duties under the Bankruptcy Code, and to take any and all actions to advance the rights and perform the obligations

DMS 309892747

of each TreeSap Entity in connection with the Chapter 11 Cases, and (ii) take any and all necessary and appropriate actions in connection with retaining and compensating Hunton for its services rendered on behalf of the TreeSap Entities; and it is further

**RESOLVED**, that each of the TreeSap Entities is hereby authorized, and the Designated Officer shall be, and hereby is, authorized, directed, and empowered, on behalf of each TreeSap Entity, to (i) employ and retain the law firm of McKool Smith, P.C. ("**McKool**"), as co-restructuring counsel, to represent and advise the TreeSap Entities in carrying out their respective duties under the Bankruptcy Code, and to take any and all actions to advance the rights and perform the obligations of each TreeSap Entity in connection with the Chapter 11 Cases, and (ii) take any and all necessary and appropriate actions in connection with retaining and compensating McKool for its services rendered on behalf of the TreeSap Entities; and it is further

**RESOLVED**, that each of the TreeSap Entities is hereby authorized, and the Designated Officer shall be, and hereby is, authorized, directed, and empowered, on behalf of each TreeSap Entity, to (i) employ and retain Keystone to act as financial advisor for the TreeSap Entities in order to represent and assist the TreeSap Entities in carrying out their respective duties under the Bankruptcy Code, and to take any and all actions to advance the rights and obligations of each TreeSap Entity in connection with the Chapter 11 Cases, and (ii) take any and all necessary and appropriate actions in connection with retaining and compensating Keystone for its services rendered on behalf of the TreeSap Entities; and it is further

**RESOLVED**, that each of the TreeSap Entities is hereby authorized, and the Designated Officer shall be, and hereby is, authorized, directed, and empowered, on behalf of each TreeSap Entity, to (i) employ and retain Armory Securities, LLC ("**Armory**") to act as investment banker for the TreeSap Entities in order to represent and assist the TreeSap Entities in carrying out their respective duties under the Bankruptcy Code, and to take any and all actions to advance the rights and obligations of the TreeSap Entities in connection with the Chapter 11 Cases, and (ii) take any and all necessary and appropriate actions in connection with retaining and compensating Armory for its services rendered on behalf of the TreeSap Entities; and it is further

**RESOLVED**, that each of the TreeSap Entities is hereby authorized, and the Designated Officer shall be, and hereby is, authorized, directed, and empowered, on behalf of each TreeSap Entity, to (i) employ and retain Donlin, Recano & Company, LLC ("**Donlin**" and together with Hunton, McKool, Keystone and Armory, the "**Professionals**") to act as claims, noticing, soliciting and balloting agent for the TreeSap Entities to assist the TreeSap Entities in carrying out their respective duties under the Bankruptcy Code, and to take any and all actions to advance the rights and obligations of the TreeSap Entities in connection with the Chapter 11 Cases, and (ii) take any and all necessary and appropriate actions in connection with retaining and compensating Donlin for its services rendered on behalf of the TreeSap Entities; and it is further

**RESOLVED**, that each of the TreeSap Entities is hereby authorized, and the Designated Officer shall be, and hereby is, authorized, directed and empowered, on behalf of each TreeSap Entity, to (i) employ and retain other professionals as necessary (the "**Additional Professionals**") to assist the TreeSap Entities in carrying out their respective duties under the Bankruptcy Code, and in connection therewith, and (ii) take any and all necessary and appropriate actions, in

connection with retaining and compensating any Additional Professionals for services rendered on behalf of the TreeSap Entities.

*[Remainder of Page Intentionally Left Blank]*

6

**IN WITNESS WHEREOF**, the undersigned have executed this Unanimous Written Consent, effective as of the date set forth above.

<div style="margin-left:40%">

**Tree Town/ARM Fund, LLC**
**(as to all of its Common and Preferred Units)**

By: _____
Name: Jonathan A. Saperstein
Title: Manager


**The Stefanie Nicole Saperstein 1994 Trust**

By: _____
Name: Jonathan A. Saperstein
Title: Trustee


**The Jonathan Alexander Saperstein 1994 Trust**

By: _____
Name: Jonathan A. Saperstein
Title: Trustee


**Jonathan A. Saperstein**

By: _____
Name: Jonathan A. Saperstein
Title: Member


**BEING ALL OF THE MEMBERS OF**
**TREESAP FARMS, LLC**

</div>

6

**IN WITNESS WHEREOF**, the undersigned have executed this Unanimous Written Consent, effective as of the date set forth above.

<div style="margin-left: 40%;">

**TSH OPCO, LLC**

By:_____
Name: Jonathan A. Saperstein
Title: Manager

**BEING THE SOLE MANAGER OF
TSH OPCO, LLC**

**TREESAP FARMS, LLC**

By:_____
Name: Jonathan A. Saperstein
Title: Manager

**BEING THE SOLE MEMBER OF
TSH OPCO, LLC**

</div>

7

[Signature Page to Unanimous Written Consent]

**IN WITNESS WHEREOF**, the undersigned have executed this Unanimous Written Consent, effective as of the date set forth above.

**TSV OPCO, LLC**

By: _____
Name: Jonathan A. Saperstein
Title: Manager

**BEING THE SOLE MANAGER OF TSV OPCO, LLC**

**TREESAP FARMS, LLC**

By: _____
Name: Jonathan A. Saperstein
Title: Manager

**BEING THE SOLE MEMBER OF TSV OPCO, LLC**

8

[Signature Page to Unanimous Written Consent]

**IN WITNESS WHEREOF**, the undersigned have executed this Unanimous Written Consent, effective as of the date set forth above.

**TSV RECO, LLC**

By: _____
Name: Jonathan A. Saperstein
Title: Manager

**BEING THE SOLE MANAGER OF
TSV RECO, LLC**

**TREESAP FARMS, LLC**

By: _____
Name: Jonathan A. Saperstein
Title: Manager

**BEING THE SOLE MEMBER OF
TSV RECO, LLC**

9

[Signature Page to Unanimous Written Consent]

**IN WITNESS WHEREOF**, the undersigned have executed this Unanimous Written Consent, effective as of the date set forth above.

**TREESAP FLORIDA, LLC**

By: _____
Name: Jonathan A. Saperstein
Title: Manager

**BEING THE SOLE MANAGER OF TREESAP FLORIDA, LLC**

**TREESAP FARMS, LLC**

By: _____
Name: Jonathan A. Saperstein
Title: Manager

**BEING THE SOLE MEMBER OF TREESAP FLORIDA, LLC**

10

[Signature Page to Unanimous Written Consent]

**Fill in this information to identify the case:**

**Debtor name:** TreeSap Farms, LLC, et al.

**United States Bankruptcy Court for the:** Southern District of Texas

**Case number (if known):** 25-_____

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders, on a Consolidated Basis  12/15

A list of creditors holding the 30 Largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. **Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 Largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | DYNASTY GROWER SUPPLY 9052 DEL MAR AVE. MONTCLAIR CA 91763 | JAMES Tel: 909-920-3776 Fax: 909-920-3772 gbgic@msn.com | Trade Debts | ☐ C ☐ U ☐ D | | | $1,006,123.81 |
| 2 | NUTRIEN AG SOLUTIONS, INC PO BOX 1733 LOVELAND CO 80539 | SHEILA ARRIES Tel: 970-685-3674 sheila.arries2@nutrien.com | Trade Debts | ☐ C ☐ U ☐ D | | | $966,651.01 |
| 3 | CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION P.O. BOX 942879 SACRAMENTO CA 94279 | | Sales Tax | ☐ C ☐ U ☐ D | | | $944,142.55 |
| 4 | BAILEY BARK MATERIALS, INC. 3366 FM 2259 NACOGDOCHES TX 75961 | JOANNA HERNANDEZ Tel: 936-564-1534 ext 105 Fax: 936-564-1648 joanna@baileybarkmaterials.com | Trade Debts | ☐ C ☐ U ☐ D | | | $499,920.94 |
| 5 | STAR ROSES AND PLANTS 41700 ROAD 100 DINUBA CA 93618 | CARRIE TOOMEY Tel: 800-457-1859 / 559-315-5860 customerservice@starrosesandplants.com; carriet@starrosesandplants.com | Trade Debts | ☐ C ☐ U ☐ D | | | $438,193.17 |
| 6 | NURSERY SUPPLIES, INC. PO BOX 201191 PO BOX 532062 DALLAS TX 75320 | SANDY IBAUGH Tel: 717-263-7780 sibaugh@creogroup.com | Trade Debts | ☐ C ☐ U ☐ D | | | $430,538.33 |

Debtor    **TreeSap Farms, LLC, et al.**                                            Case number *(if known)* **25-_____**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | SIERRA GOLD NURSERIES, INC. 5320 GARDEN HIGHWAY YUBA CITY CA 95991 | JOHN MELLON Tel: 530-674-1145 Fax: 530-674-1007 ar@sgtrees.com | Trade Debts | ☐ C ☐ U ☐ D | | | $430,330.94 |
| 8 | HOWARD FERTILIZER & CHEMICAL CO INC. PO BOX 978926 DALLAS TX 75397 | LAURA DOBBINS Tel: 407-855-1841 spesella@howardfert.com | Trade Debts | ☐ C ☐ U ☐ D | | | $409,226.49 |
| 9 | BWI - SCHULENBURG, INC. PO BOX 459 SCHULENBURG TX 78956 | KELLY SIKES Tel: 979-743-2269 KellySykes@bwicompanies.com | Trade Debts | ☐ C ☐ U ☐ D | | | $384,730.62 |
| 10 | UNITED SITE SERVICES PO BOX 660475 DALLAS TX 75266 | LORETTA ATWOOD Tel: 208-314-5302 Loretta.atwood@unitedsiteservices.com | Trade Debts | ☐ C ☐ U ☐ D | | | $364,849.04 |
| 11 | WILBUR-ELLIS COMPANY LLC PO BOX 675023 DALLAS TX 75267 | TERESA PFAU Tel: 509-995-3896 TPfau@wilburellis.com | Trade Debts | ☐ C ☐ U ☐ D | | | $352,770.22 |
| 12 | NORTH COUNTY SUPPLY 28987 MOUNTAIN MEADOW ROAD ESCONDIDO CA 92026 | DAVE HARTMAN Tel: 760-715-6275 dave@northcountysupply.com | Trade Debts | ☐ C ☐ U ☐ D | | | $332,017.00 |
| 13 | EXPRESS SEED COMPANY 51051 US HWY 20 OBERLIN OH 44074 | BECKI SUDNICK Tel: 440-776-4044 bsudnick@expressseed.com | Trade Debts | ☐ C ☐ U ☐ D | | | $310,999.90 |
| 14 | REDWOOD PRODUCTS COMPANY P.O. BOX 2662 CORONA CA 92879 | Tel: 909-923-5656 Fax: 909-800-1440 rosie@redwoodchino.com | Trade Debts | ☐ C ☐ U ☐ D | | | $280,041.00 |
| 15 | VAUGHAN'S HORTICULTURE, LLC P.O. BOX 7245 CAROL STREAM IL 60197-7245 | Tel: 855-864-3300 Fax: 855-864-7590 | Trade Debts | ☐ C ☐ U ☐ D | | | $273,760.69 |
| 16 | V&J SOILS, LLC 1835 NEWPORT BLVD A109--PMB# 131 COSTA MESA CA 92627 | vjsoils977@gmail.com | Trade Debts | ☐ C ☐ U ☐ D | | | $263,250.00 |

Debtor    **TreeSap Farms, LLC, et al.**                                    Case number *(if known)* **25-_____**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17 | LEFT COAST LOGISTICS, LLC 5775 SW JEAN RD SUITE #215 LAKE OSWEGO OR 97035 | ROBERT BISSELL Tel: 877-745-9567 rmbatls@aol.com | Trade Debts | ☐ C ☐ U ☐ D | | | $260,900.00 |
| 18 | DEL NORTE HARVESTING, LLC. PO BOX 4090 LEESVILLE SC 29070 | JESSE FONSECA JR. Tel: 863-441-5139 | Trade Debts | ☐ C ☐ U ☐ D | | | $241,370.99 |
| 19 | HAVILAND PLASTIC PRODUCTS CO. PO BOX 38 119 WEST MAIN STREET HAVILAND OH 45851 | VICKIE HOLLINGSWORTH Tel: 419-622-1352 Fax: 419-622-6911 VHollingsworth@havilandplastics.com | Trade Debts | ☐ C ☐ U ☐ D | | | $233,350.94 |
| 20 | CERTIFIED PLANT GROWERS INC. 10524 FIRESTONE BLVD NORWALK CA 90650 | MARK MARRIOTT Tel: 562-864-9448 mark@certifiedplantgrowers.com | Trade Debts | ☐ C ☐ U ☐ D | | | $216,010.95 |
| 21 | PLANT DEVELOPMENT SERVICES INC. 17325 COUNTY ROAD 68 LOXLEY AL 36551 | RENA GLEASON Tel: 251-923-1088 rena@plantdevelopment.com | Trade Debts | ☐ C ☐ U ☐ D | | | $214,598.32 |
| 22 | BWI - TEXARKANA PO BOX 5968 TEXARKANA AR 71854 | KELLY SIKES Tel: 979-743-2269 KellySykes@bwicompanies.com | Trade Debts | ☐ C ☐ U ☐ D | | | $195,505.14 |
| 23 | SC FUELS P.O. BOX 14237 ORANGE CA 92867 | CYNTHIA LEMBKE Tel: 714-938-5727 LembkeC@scfuels.com | Trade Debts | ☐ C ☐ U ☐ D | | | $191,268.87 |
| 24 | TREESOURCE CITRUS NURSERY 34816 ROAD 192 WOODLAKE CA 93286 | YESENIA RAMIREZ Tel: 559-592-2304 yesenia.ramirez@ac-foods.com | Trade Debts | ☐ C ☐ U ☐ D | | | $177,633.67 |
| 25 | EZ SHIPPER RACKS, INC. PO BOX 509015 DEPARTMENT #WS216 SUITE #160 SAN DIEGO CA 92150 | STEVE ANDERSON Tel: 424-277-9814 sanderson@ezrack.com | Trade Debts | ☐ C ☐ U ☐ D | | | $169,551.89 |
| 26 | NORTH VALLEY TRANSPORT INC. P.O. BOX 38273 SACRAMENTO CA 95838 | GABBY NESMAN Tel: 916-997-4218 gnesman@yahoo.com | Trade Debts | ☐ C ☐ U ☐ D | | | $159,160.28 |

Debtor   **TreeSap Farms, LLC, et al.**                                        Case number *(if known)* **25-_____**

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27  RAINBOW MUNICIPAL WATER DISTRICT PO BOX 4954 WHITTIER CA 90607 | | Trade Debts | ☐ C ☐ U ☐ D | | | $158,349.99 |
| 28  INTEGRITY EXPRESS LOGISTICS LLC 62488 COLLECTIONS CENTER DRIVE CHICAGO IL 60693 | CHRISTOPHER JOYAL Tel: 813-255-2347 cjoyal@intxlog.com | Trade Debts | ☐ C ☐ U ☐ D | | | $154,650.00 |
| 29  SIMPLOT PARTNERS P O BOX 841136 LOS ANGELES CA 90084 | ERNIE AMADOR Tel: 559-348-7795 ernest.amador@simplot.com | Trade Debts | ☐ C ☐ U ☐ D | | | $152,608.44 |
| 30  TURNER & SON NURSERY 10647 SMITHVILLE HWY SMITHVILLE TN 37166 | | Trade Debts | ☐ C ☐ U ☐ D | | | $151,558.50 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TREESAP FARMS, LLC, *et al.,* | § | |
| | § | Case No. 25-_____ (___) |
| Debtors.[1] | § | |
| | § | (Joint Administration Requested) |
| | § | |

**CONSOLIDATED CORPORATE OWNERSHIP
STATEMENT AND LIST OF EQUITY INTEREST HOLDERS
PURSUANT TO FED. BANKR. P. 1007(A)(1), 1007(A)(3), AND 7007.1**

Pursuant to rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and to enable the Judges to evaluate possible disqualification or recusal, attached hereto as **Exhibit A** is a corporate structure chart (the "Corporate Structure Chart") reflecting the ownership interests of TreeSap Farms, LLC and its direct subsidiaries (collectively, the "Debtors"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Debtors respectfully represent, as of the date hereof, as following:

1.      Except for TreeSap Farms, LLC, each of the Debtors identified on the Corporate Structure Chart is owned in its entirety by its direct parent.

2.      The member interests are privately held and a list of the issued and outstanding member interests of TreeSap Farms, LLC, prepared in accordance with Bankruptcy Rule 1007(a)(3), is attached hereto as **Exhibit B**.

3.      Other than as set forth in the exhibits hereto, each of which is incorporated herein by reference, no other corporation (as such term is defined in section 101(9) of title 11 of the United States Code), public or private, owns 10% or more of any class of a Debtor's equity interests.

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: TreeSap Farms, LLC (5183); TSH Opco, LLC (4697); TSV Opco, LLC (5418); TSV Reco, LLC (4953); and TreeSap Florida, LLC (5331). The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is TreeSap Farms, LLC, 5151 Mitchelldale St. Suite B-2, Houston, TX 77292-5279.

**Exhibit A**

**Corporate Structure Chart**





(1)  Holds 100% preferred units
(2)  Owns 100% of all entities except Boxwood Solutions, LLC

**Exhibit B**

**List of Ownership Interests**

| TreeSap Farms, LLC | | |
|---|---|---|
| **Equityholder** | **Address of Equityholder** | **Percentage of Equity Held** |
| Jonathan A. Saperstein | 5151 Mitchelldale St. Suite B-2 P. O. Box 925279 Houston, TX  77092 | 52.4% |
| JAS '94 Trust | c/o 5151 Mitchelldale St. Suite B-2 P. O. Box 925279 Houston, TX  77092 | 2.4% |
| SNS '94 Trust | c/o 5151 Mitchelldale St. Suite B-2 P. O. Box 925279 Houston, TX  77092 | 27.9% |
| TreeTown ARM Fund, LLC | c/o 5151 Mitchelldale St. Suite B-2 P. O. Box 925279 Houston, TX  77092 | 17.3% and 100% of Preferred Units |

**Fill in this information to identify the case:**

Debtor name    <u>TreeSap Farms, LLC<i>, et al.</i></u>

United States Bankruptcy Court for the:   <u>SOUTHERN DISTRICT OF TEXAS</u>

Case number (if known)    _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.**

| | |
|---|---|
| | **Declaration and signature** |

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule*
☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒   Other document that requires a declaration    <u>Statement of Corporate Ownership and List of Equity Security Holders</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    <u>02/24/2025</u>     X   <u>/s/ Bret Jacobs</u>
                                            Signature of individual signing on behalf of debtor

                                            <u>Bret Jacobs</u>
                                            Printed name

                                            <u>Chief Restructuring Officer</u>
                                            Position or relationship to debtor

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com            Best Case Bankruptcy