United States Bankruptcy Court
Southern District of Texas

**ENTERED**
February 25, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| TREESAP FARMS, LLC, *et al.*, | § | |
| | § | Case No. 25-90017 (ARP) |
| Debtors.[1] | § | |
| | § | (Jointly Administered) |
| | § | |
| | § | |

**ORDER (I) EXTENDING TIME TO FILE
(A) SCHEDULES AND STATEMENTS, AND (B) RULE 2015.3
FINANCIAL REPORTS; (II) MODIFYING THE REQUIREMENTS OF
BANKRUPTCY LOCAL RULE 2015-3; AND (III) GRANTING RELATED RELIEF**
[Relates to Docket No. 6]

Upon the emergency motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (i) extending the deadline by which the Debtors must file their (a) Schedules and Statements, and (b) 2015.3 Reports, (ii) modifying the requirements of Bankruptcy Local Rule 2015-3; and (iii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: TreeSap Farms, LLC (5183); TSH Opco, LLC (4697); TSV Opco, LLC (5418); TSV Reco, LLC (4953); and TreeSap Florida, LLC (5331). The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is TreeSap Farms, LLC, 5151 Mitchelldale St., Suite B-2, Houston, TX 77292-5279.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

appearing that proper and adequate notice of the Motion has been given under the circumstances and no further notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court; and upon the First Day Declarations; and the Court having determined that the legal and factual bases set forth in support of the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The time within which the Debtors must file the Schedules and Statements is extended through and including April 9, 2025, without prejudice to the Debtors' right to seek an additional extension upon cause shown thereafter.

2. The time within which the Debtors must file the 2015.3 Reports is extended through and including April 9, 2025, without prejudice to the Debtors' right to seek an additional extension upon cause shown thereafter. The Debtors may obtain further extensions to file the 2015.3 Reports by agreement with the U.S. Trustee by filing a notice memorializing such agreement without the need for further order of this Court.

3. The Debtors' obligation to file the 2015.3 Reports every month in compliance with Bankruptcy Local Rule 2015-3 is hereby modified such that the Debtors shall only be required to file the 2015.3 Reports every six months.

4. Notwithstanding the relief granted in this Order, any relief or authorization granted herein shall be subject to and in compliance with each interim and final order entered by the Court in respect of the *Debtors' <u>Emergency</u> Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, and (B) Use Cash Collateral; (II) Granting Senior Secured Priming Liens and Superpriority Administrative Expense Claims; (III) Granting*

*Adequate Protection to Prepetition Lenders; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* filed substantially contemporaneously herewith (collectively, such interim and final orders, the "DIP Order"), including compliance with any approved budget (including any permitted variance) in connection therewith and any other terms and conditions thereof. To the extent there is any inconsistency between the terms of the DIP Order and the terms of this Order or any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Order.

5. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

8. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: February 25, 2025

Alfredo R Pérez
United States Bankruptcy Judge